**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4351**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT EARL BROWN, III,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  J. Michelle Childs, District Judge.  (6:08-cr-01141-JMC-1)

Submitted:  November 15, 2018          Decided:  December 12, 2018

Before KING, KEENAN, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Alan Lance Crick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Earl Brown, III, appeals the district court's judgment revoking his supervised release and sentencing him to 14 months' imprisonment followed by 22 months' supervised release. Brown's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the revocation sentence was plainly unreasonable. Although advised of his right to do so, Brown has not filed a pro se supplemental brief. The Government has also declined to file a brief. We affirm the revocation of Brown's supervised release but vacate his revocation sentence and remand for resentencing.

In analyzing a revocation sentence, we apply "a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "[E]ven if a revocation sentence is plainly unreasonable, we will still affirm it if we find that any errors are harmless." *Id.*

We determine reasonableness by generally following the procedural and substantive considerations used in reviewing original sentences. *Id.* "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* (footnote omitted); *see* 18 U.S.C. § 3583(e) (2012). In fashioning an appropriate sentence, "the court should

2

sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." USSG ch. 7, pt. A(3)(b). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (brackets and internal quotation marks omitted).

> Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why [s]he has rejected those arguments. . . . And although the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed.

*Id.* at 207-08 (alteration, ellipsis, citations, and internal quotation marks omitted).

Here, the district court announced Brown's revocation sentence without explicit consideration of any of the applicable § 3553(a) factors or Brown's arguments for a lower sentence. Indeed, the court's only explanation of Brown's revocation sentence was its instruction to Brown that he needed "structure in his life" and to obey "society's rules." Thus, even in light of our deferential standard of review, the district court's failure to sufficiently explain the revocation sentence rendered the sentence procedurally unreasonable. And because the requirement to explain a revocation sentence is well-settled in this circuit, we further conclude that the sentence was plainly unreasonable. *See Slappy*, 872 F.3d at 210. Finally, because the record does not support the conclusion that the court's error "did not have a substantial and injurious effect or influence" on

3

Brown's sentence, the error was not harmless. *See id.* (internal quotation marks omitted).[*]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious issues for appeal. Accordingly, we affirm the revocation of Brown's supervised release, but we vacate his revocation sentence and remand for resentencing. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*

---

[*] Because Brown's sentence is plainly procedurally unreasonable and the district court's errors are not harmless, we do not reach the question of whether Brown's sentence is substantively reasonable. *See Slappy*, 872 F.3d at 210.